IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD BIDDLE and
NORA BIDDLE                                                                             PLAINTIFFS


v.                                    Case No. 6:19-cv-6007


JOSEPH ERNEST BRADSHAW                                                      DEFENDANT

## ORDER

Before the Court is Defendant Joseph Ernest Bradshaw's Rule 12(b) Motion to Dismiss. (ECF No. 7). Plaintiffs Richard Biddle and Nora Biddle filed a response. (ECF No. 14). Defendant filed a reply. (ECF No. 15). Plaintiffs filed a sur-reply. (ECF No. 18). The Court finds the matter ripe for consideration.[1]

## I. BACKGROUND

This case concerns an automobile collision. Plaintiffs are citizens of Arkansas who reside in Garland County. Defendant, a citizen and resident of Texas, is a self-employed tractor-trailer driver who, for the last eight years, has regularly transported wood chips for Ward Timber, a Texas-based customer. Defendant drives the wood chips fourteen miles from Jefferson, Texas to a mill in Ashdown, Arkansas. On March 11, 2018, Plaintiffs and Defendant, who were each driving their respective personal vehicles, were involved in a collision on Highway 59, in Marion County, Texas. Plaintiffs allege that Defendant negligently caused the collision, which resulted in personal injury and property damage.

---

[1] The last sentence of Defendant's reply brief requests an evidentiary hearing on the instant motion. Despite having the opportunity to do so, Defendant did not offer any evidence along with his initial motion or reply brief. Defendant neither indicates what evidence he would offer at a hearing nor explains why he could not have offered that evidence as an exhibit to his briefing papers. Defendant has not filed a formal motion for a hearing, but to the extent that his request constitutes a formal motion, the Court sees no need for an evidentiary hearing.

On December 18, 2018, Plaintiffs filed suit in the Circuit Court of Garland County, Arkansas. On January 14, 2019, Defendant answered Plaintiff's complaint and filed the instant motion to dismiss. On January 15, 2019, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

On February 7, 2019, Defendant refiled the instant motion to dismiss with a new, introductory passage, noting that the motion had been filed and was pending in state court prior to removal.[2] Defendant moves for dismissal based on lack of personal jurisdiction and improper venue.[3] Plaintiffs oppose the motion.

## II. DISCUSSION

Defendant moves for dismissal on two grounds: lack of personal jurisdiction and improper venue. The Court will first address Defendant's venue argument and, if necessary, will then proceed to the personal jurisdiction argument.

**A. Venue**

Citing Arkansas state caselaw, Defendant argues that venue is improper because the Court lacks personal jurisdiction over him, and failure to satisfy the requirements for personal jurisdiction also amounts to failure to establish venue. Other than one paragraph in the instant motion, (ECF No. 7, p. 3), this venue argument is not discussed or even acknowledged in the

---

[2] After removal, Defendant's initial motion to dismiss was not docketed as a pending motion but, instead, was attached to the notice of removal as an exhibit alongside the other state court filings. (ECF No. 1-1, p. 10).

[3] Defendant's motion to dismiss is based on Arkansas Rules of Civil Procedure 12(b)(2) and 12(b)(3), which relate to personal jurisdiction and venue, respectively. The parties' subsequent briefing papers cite and argue federal authorities. Given the substantive similarities between Arkansas Rules of Civil Procedure 12(b)(2) and 12(b)(3) and Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), the Court will construe the motion to dismiss as presently invoking the equivalent Federal Rules.

2

parties' subsequent briefing papers.[4] Despite Defendant's framing of his venue argument as being necessarily dependent on a personal jurisdiction determination, for the reasons discussed below, it is unnecessary for the Court to first make a finding on personal jurisdiction to resolve the venue issue.

Venue is "the place where the power to adjudicate is to be exercised, the place where the suit may be or should be heard." *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.*, 343 F.2d 7, 11 (8th Cir. 1965). "Venue requirements exist for the benefit of defendants." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 928 (8th Cir. 1997). "One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district, having no real relationship to the dispute." *Id.* (internal quotation marks and citations omitted).

A party may move to dismiss an action that is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). When reviewing a motion under Rule 12(b)(3), the Court applies the same standard used for other motions to dismiss. *Twin Lakes Sales, LLC v. Hunter's Specialties, Inc.*, 2005 WL 1593361, at *1 (D. Minn. July 6, 2005). To that end, the Court must construe all facts in the light most favorable to the non-moving party and take as true all well-pled facts alleged in the complaint that are not controverted by the movant's affidavits or evidence.[5] *Dobson Bros. Constr. Co. v. Arr-Maz Prod., L.P.*, No. 4:12-cv-3118, 2013 WL 12141246, at *2 (D. Neb. May 7, 2013).

"Where no special venue statute is applicable, the general venue statute, 28 U.S.C. § 1391, applies." *Catholic Order of Foresters v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1154 (N.D. Iowa 2004). However, the general venue statute does not apply to cases that have been

---

[4] It is unclear whether, after removal, Defendant has abandoned his argument for dismissal based on improper venue. The Court will err on the side of caution and assume that he has not.

[5] As Plaintiffs repeatedly point out in their briefing papers, Defendant provides no evidence in support of his motion to dismiss. Thus, the Court is left to take its facts from the well-pled allegations in the complaint and the evidence submitted by Plaintiffs, construing all facts in the light most favorable to Plaintiffs.

3

removed from state to federal court. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Venue of a removed case is governed solely by 28 U.S.C. § 1441(a), which provides that the proper venue of a removed case is "the district court of the United States for the district and division embracing the place where such action is pending." *Id.* "[I]t is immaterial that the federal court to which the action is removed would not have been in a district of proper venue if the action had been brought there originally."[6] *Schuler v. SunOpta Food Grp. LLC*, No. CIV 3:07-CV-101, 2008 WL 4416447, at *2 (D.N.D. Sept. 24, 2008) (citing Charles Alan Wright et al., *Federal Practice and Procedure* § 3726, at 119-20 (3d ed. 1998)).

It is undisputed that this case was initially brought in the Garland County Circuit Court. The Western District of Arkansas, Hot Springs Division, is the federal judicial district and division embracing Garland County, Arkansas. 28 U.S.C. § 83(b)(6). Thus, even assuming *arguendo* that pre-removal venue was improper in the Garland County Circuit Court as Defendant contended, venue is now proper in this Court pursuant to section 1441(a) because Defendant removed the case to the federal judicial district and division embracing the place where the case was previously pending. *Shaffer v. Rees Masilionis Turley Architecture, LLC*, No. 4:14-cv-965 CEJ, 2014 WL 5320266, at *1 (E.D. Mo. Oct. 17, 2014) ("The fact that venue may have been improper in the state court prior to removal is of no import."); s*ee also* 28 U.S.C § 1441(f) (abrogating the theory of derivative jurisdiction and stating, "[t]he court to which a civil action is removed . . . is not precluded from hearing and determining any claim . . . because the State court from which such

---

[6] Indeed, venue would likely be improper if this case had originally been filed here. The general venue statute allows for proper venue only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events occurred; or, if there is no district in which an action may otherwise be brought under the venue statute, (3) any judicial district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). Defendant is a Texas resident and a substantial part of the events at issue, the automobile collision, occurred in Texas. The third venue factor would not be reached because the first two factors point to venue being proper in Texas. However, as the Court has noted, the general venue statute has no application in a removed case like this one and, therefore, it is of no consequence that the Court would likely not have proper venue if this case had been originally filed here.

4

civil action is removed did not have jurisdiction over that claim"); *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001) (stating that, "as a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed").

Accordingly, the Court finds that venue is proper in the Western District of Arkansas, Hot Springs Division, and that dismissal is not warranted on venue grounds. With the issue of venue now resolved, the Court will take up Defendant's personal jurisdiction argument.

**B. Personal Jurisdiction**

Defendant also argues that this case should be dismissed for lack of personal jurisdiction because he is a Texas resident, the automobile collision at issue occurred in Texas, and he does not have sufficient contacts with Arkansas for the Court to exercise personal jurisdiction over him.

A party may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). To defeat a Rule 12(b)(2) motion, a plaintiff must make a *prima facie* showing of jurisdiction. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). This *prima facie* showing must be tested, not by the complaint alone, but "by the affidavits and exhibits presented with the [motion to dismiss] and in opposition thereto." *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 260 (8th Cir. 1974). If a court does not hold a hearing on personal jurisdiction and instead bases its determination on the parties' written submissions, the court must view the facts in the light most favorable to the nonmoving party. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). Although Plaintiffs ultimately bear the burden of proof on the issue, personal jurisdiction does not have to be proven by a preponderance of the evidence until trial or an evidentiary hearing. *Id.*

A federal court sitting in diversity may assume jurisdiction over a nonresident defendant to the extent permitted by the forum state's long-arm statute. Arkansas's long-arm statute provides that: "[t]he courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B).

Accordingly, the question before the Court is whether exercising personal jurisdiction over Defendant is consistent with the due process clause of the Fourteenth Amendment. The Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant who has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The defendant's conduct and connection with the state must be such that the defendant should "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Personal jurisdiction requires some act by which Defendant purposely availed himself of the privilege of conducting activities within Arkansas, thus invoking the benefits and protections of its laws. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). If the Court determines that Defendant has minimum contacts with Arkansas, it then may consider "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *See id.* (quoting *Burger King Corp.*, 471 U.S. at 476).

Courts consider the following factors when resolving a personal jurisdiction inquiry, with significant weight given to the first three factors: (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of

action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Id.* at 1073-74. However, the third factor is considered only in a specific-jurisdiction analysis. *See Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008). Moreover, the fourth and fifth factors relate to the Court's consideration of "traditional notions of fair play and substantial justice" in the due process analysis. *See Lakin v. Prudential Servs., Inc.*, 348 F.3d 704, 712 (8th Cir. 2003).

There are two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction. *Id.* The Court will separately address each.

### 1. Specific Jurisdiction

The parties appear to agree that specific jurisdiction does not exist in this case, and for good reason, as specific jurisdiction is only viable when litigation results from alleged injuries that arise out of or relate to activities that a defendant purposely directed at residents of the forum state. *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995). It is undisputed that Defendant's contacts with the State of Arkansas have nothing to do with the automobile collision that occurred in Texas, where Defendant was driving his personal vehicle and not working in his capacity as a tractor-trailer driver. Thus, Plaintiffs' alleged injuries do not arise out of or relate to activities that Defendant purposely directed at residents of Arkansas. *Id.* Accordingly, specific jurisdiction cannot be found here. The only remaining question before the Court is whether general jurisdiction exists to warrant a finding of personal jurisdiction over Defendant.

### 2. General Jurisdiction

Under the theory of general jurisdiction, the Court may hear this case if Defendant has "continuous and systematic" contacts with Arkansas as to render him "essentially at home" in

Arkansas, even if the injuries at issue in this lawsuit did not arise out of Defendant's activities directed at Arkansas. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The standard for general jurisdiction is demanding, as "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is . . . the place of incorporation and principal place of business." *Id.* In other words, "[t]o exercise general jurisdiction over a corporation or individual, generally the party in question must be a citizen of the subject jurisdiction." *Henry Law Firm v. Cuker Interactive, LLC*, No. 5:18-cv-5066-TLB, 2018 WL 3025959, at *4 (W.D. Ark. June 18, 2018), *appeal dismissed*, No. 19-1254 (8th Cir. Feb. 19, 2019). However, this does not "foreclose the possibility that in an exceptional case, a corporation's operations in a forum other than its [paradigm forum] may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19 (internal citation omitted).

Defendant takes the position that his contacts with Arkansas—daily fourteen-mile trips from Jefferson, Texas to Ashdown, Arkansas to deliver wood chips—are insufficient to establish general jurisdiction. To this end, he argues that he is a citizen and resident of Texas, which as his domicile is the paradigm forum for the exercise of general jurisdiction over him.[7] Although he does not explicitly state as much, Defendant seems to imply that, as an individual, general

---

[7] Defendant also makes much of the fact that most of the cases cited by Plaintiffs in support of general jurisdiction involve an analysis of general jurisdiction as to corporations, while he is an individual. Plaintiffs argue that, as an owner-operator, Defendant is inseparable from his unincorporated trucking business, but they ultimately conclude that any distinction is meaningless because Defendant's "individual" and "corporate" contacts with Arkansas are the same. Although the Court is inclined to view Defendant as an individual rather than a corporation, the outcome of this order is the same regardless of the classification used.

jurisdiction can only be exercised over him in Texas.[8]  Defendant also argues that he has not entered into any business contract in Arkansas but, rather, his daily trips are on behalf of Ward Timber, which has itself entered into contracts and obligations with various Arkansas entities. Defendant states further that he is paid by Ward Timber for his trips.  Defendant also contends that if he is found to have minimum contacts with Arkansas, exercising personal jurisdiction over him would offend traditional notions of fair play and substantial justice because no reasonable person in his position would foresee being haled into an Arkansas court for a collision that occurred in Texas and outside his professional capacity.

Plaintiffs argue that Defendant's contacts with Arkansas are systematic and continuous enough to support general jurisdiction because, for eight years, he has been a self-employed driver, transporting wood chips into Arkansas for Ward Timber, at least once a day, five days a week, for an estimated total of between two and six thousand trips.  (ECF No. 14-1, p. 2).  Plaintiffs also point the Court to Defendant's deposition testimony, in which he indicated that his entire driving-based income is derived from these trips and that he pays ad valorem taxes in Arkansas, assessed on his vehicle operations in the state.  (ECF Nos. 14-1, p. 3; 14-2).  Plaintiffs conclude that Defendant, for his own commercial gain, availed himself of the benefits and protections of Arkansas by traveling here on thousands of business trips and, thus, due process would not be offended if the Court exercises personal jurisdiction over him.

---

[8] Defendant cites no authority in support of this proposition, which, to the Court's knowledge, remains an open question. *See Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 433-34 (E.D. Pa. 2015) ("Domicile aside, however, it remains largely unclear whether a state may exercise general jurisdiction over any *nonresident* defendant."); *see also Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 n.1, (1990) (plurality opinion) (declining to address the issue in detail, but recognizing that "[i]t may be that [general jurisdiction] applies only to corporations"). Recently, at least one court within the Western District of Arkansas appeared to be of the belief that general jurisdiction cannot be found over a nonresident individual. *See Cuker*, 2018 WL 3025959, at *4 (rejecting without analysis the notion that general jurisdiction can be exercised by an Arkansas court over California citizens).

Plaintiffs' recitation of the law governing general jurisdiction comports with the traditional approach, in which a "general-jurisdiction analysis . . . focused simply on whether a defendant had contact 'of a continuous and systematic nature' with the forum state." *Merryman v. JPMorgan Chase Bank, N.A.*, No. 5:15-CV-5100-PKH, 2015 WL 7308666, at *2 (W.D. Ark. Nov. 19, 2015) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). However, Plaintiffs fail to recognize that, in *Goodyear* and *Daimler*, the Supreme Court "clarified and, it is fair to say, raised the bar for [general] jurisdiction," resulting in a "dramatic" and "significant narrowing of general jurisdiction's scope."[9] *Id.* at *3. As the Supreme Court stated in *Daimler*, the inquiry is no longer whether a foreign defendant's in-forum contacts are in some sense "continuous and systematic," but rather whether the defendant's in-forum contacts are so "continuous and systematic as to render [it] essentially at home in the forum state." *Daimler*, 571 U.S. at 138-39 (alteration in original). *Daimler* rejected the argument that general jurisdiction can be found in every state in which a corporate defendant engages in a substantial, continuous, and systematic course of business, finding that proposition "unacceptably grasping." *Id.* at 138. In so doing, *Daimler* cautioned that in all but the "exceptional case," a defendant will likely only be at home, and therefore only subject to general jurisdiction, in its paradigm forum.[10] *Id.* at 139, n.19.

---

[9] Plaintiffs do not cite or discuss *Goodyear* or *Daimler* in their briefing papers. Rather, all the cases Plaintiffs cite and rely on as a basis for finding general jurisdiction were decided prior to *Goodyear* and *Daimler*.

[10] *Daimler* recognized *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), as an example of an "exceptional case" in which a corporation was subject to general jurisdiction in a forum other than its state of incorporation or principal place of business. In *Perkins*, the defendant was incorporated under the laws of the Philippines, where it operated gold and silver mines. During the Japanese occupation of the Philippines during World War II, the defendant ceased its mining operations there and its president moved to Ohio, "where he kept an office, maintained the company's files and oversaw the company's activities." *Daimler*, 571 U.S. at 129. *Perkins* held that Ohio courts could exercise general jurisdiction over the defendant without offending due process because "Ohio was the corporation's principal, if temporary, place of business." *Id.* at 129-130 (internal quotation marks omitted).

Plaintiffs present no evidence that Defendant is domiciled in Arkansas. Moreover, to the extent that Defendant may be viewed as a corporation, Plaintiffs present no evidence that his business is incorporated in or has a principal place of business in Arkansas. The facts, viewed in the light most favorable to Plaintiffs, instead establish that Defendant lives in Texas, that his Texas-based unincorporated trucking business services a single Texas-based customer, and that he is paid for performing near-daily fourteen-mile hauling trips from Jefferson, Texas to Ashdown, Arkansas. The evidence also establishes that Defendant pays a small amount of annual ad valorem taxes in Arkansas for his vehicle operations in the state.[11]

Prior to *Goodyear* and *Daimler*, these facts would have likely presented a close call as to whether general personal jurisdiction could be exercised over Defendant. Indeed, prior to *Goodyear* and *Daimler*, various courts deciding Rule 12(b)(2) motions in factually similar cases reached vastly different outcomes. *Compare Obermeyer v. Gilliland*, 873 F. Supp. 153, 158 (C.D. Ill. 1995) (granting Rule 12(b)(2) motion and finding no general jurisdiction over a foreign truck driver who frequently drove into the forum state for business purposes because, regardless of whether the driver possessed minimum contacts with the forum state, exercising personal jurisdiction over him would not comport with traditional notions of fair play and substantial justice); *Amos by Amos v. Pendry*, 810 F. Supp. 146, 147 (M.D. Penn. 1992) (granting Rule 12(b)(2) motion, in part, after finding no general jurisdiction over a foreign truck driver who frequently drove into the forum state for business purposes), and *Simpson v. Quality Oil Co.*, 723 F. Supp. 382, 390 (S.D. Ind. 1989) (same), *with Carter v. Massey*, 436 F. Supp. 29, 34 (D. Md. 1977) (denying Rule 12(b)(2) motion and finding general jurisdiction over a foreign truck driver who frequently traveled through the forum state for business purposes).

---

[11] Defendant paid the State of Arkansas an ad valorem tax of $15.00 in 2019, based on his 2017 asset evaluation and mileage driven through Arkansas that year. (ECF No. 14-2, p. 1).

However, following *Goodyear* and *Daimler*'s dramatic departure from the body of developed caselaw on general jurisdiction, courts have declined to "exercise general jurisdiction in every State in which a [defendant] engages in a substantial, continuous, and systematic course of business." *See, e.g.*, *Merryman*, 2015 WL 7308666, at *3. Plaintiffs fail to cite to a single post-*Daimler* case in which a court exercises general jurisdiction over a foreign individual who takes regular business trips into the forum state. Defendant's repeated hauling trips into Arkansas are certainly of a significant number, but even so, "a consistent course of dealings with . . . the forum, over a long period of time . . . do[es] not constitute the sort of contacts" necessary to render him essentially at home in Arkansas. *See Jacobs Trading, LLC v. Am. Eagle Trading Grp., LLC*, No. 16CV00406SRNKMM, 2016 WL 5508805, at *4 (D. Minn. Sept. 28, 2016). Defendant's trips fare no better even when considered in conjunction with his payment of ad valorem taxes in Arkansas for his vehicle usage. *See Holman v. AMU Trans, LLC*, No. 14 C 04407, 2015 WL 3918488, at *2 (N.D. Ill. June 25, 2015) (finding that a foreign trucking defendant's usage of a state's highways and payment of a motor vehicle use tax in that state falls short of the *Goodyear*/*Daimler* general jurisdiction standard). There is no evidence that Defendant is registered to do business in Arkansas; that he advertises in Arkansas; that he maintains offices, employees, or bank accounts in Arkansas; or that he sells or manufactures goods in Arkansas. *See Goodyear*, 564 U.S. at 921. Defendant's only contacts with Arkansas are that he frequently drives a short distance into the state while providing a service to a Texas customer and that he pays a small, attendant tax for doing so. Defendant's continuous course of business in Arkansas falls short of the demanding *Goodyear*/*Daimler* standard. *Holman*, 2015 WL 3918488, at *3. Thus, the Court finds that Defendant's contacts are insufficient to find him essentially at home in Arkansas.

Even assuming *arguendo* that Defendant's contacts are enough to find him essentially at home in Arkansas, the Court finds that the notions of fair play and substantial justice would be offended by exercising general jurisdiction over him. "The mere fact [that Defendant], as part of his job, frequently drives into [Arkansas] is not sufficient to justify subjugating him to the power of [Arkansas] Courts for suits not arising from his work in [Arkansas]. Hauling him into court in [Arkansas] for his involvement in a [Texas] accident would not be foreseeable, fair, or reasonable." *Obermeyer*, 873 F. Supp. at 158.

In sum, Plaintiffs do not argue that Defendant is—either individually or professionally—domiciled in Arkansas. Nor can they, as the evidence before the Court indicates that Defendant lives in Texas and that his business is based in Texas. Plaintiffs' offered facts do not present the "exceptional case" contemplated by *Daimler* and, absent a "paradigmatic" contact with Arkansas, Plaintiffs' argument extends no further than the "substantial, continuous, and systematic course of business" line of reasoning that was expressly rejected by the Supreme Court in *Daimler*. *See Daimler*, 571 U.S. at 138. Without more, general jurisdiction is not appropriate over Defendant. Accordingly, the Court finds that it lacks personal jurisdiction over Defendant and that this case must be dismissed.

### III. CONCLUSION

For the above-stated reasons, the Court finds that Defendant's motion to dismiss (ECF No. 7) should be and hereby is **GRANTED**. The Court lacks personal jurisdiction over Defendant. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of June, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge